UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CARL WILSON

    Plaintiff,

v.                                          Case No. 2:05-CV-15

UNKNOWN LUOKKALA, *et al.*           HON. GORDON J. QUIST

    Defendants.

_____/

## MEMORANDUM OPINION

Plaintiff Carl Wilson, an inmate at the Marquette Branch Prison (MBP) in Marquette, Michigan, filed suit against MBP employees Luokkala, Vicki Weisinger, Scott Ewers, J. Johnson, Bill Etten, and Leece pursuant to 42 U.S.C. § 1983. He alleges Defendants have retaliated against him in violation of the First, Eighth and Fourteenth Amendments for filing a previous suit against MBP. He claims they have, *inter alia*, repeatedly shaken down his cell, fabricated misconduct reports against him, demeaned him with racial epithets, and wrongfully confiscated his property. He also alleges Defendants violated his Eighth Amendment rights by needlessly delaying the extraction of a carious wisdom tooth.

Defendants filed a Motion for Summary Judgment. (Docket no. 35.) On January 22, 2009, the Magistrate Judge filed a Report and Recommendation, (docket no. 44), recommending that Defendants' Motion for Summary Judgment be granted, Defendants Etten and Leece be dismissed without prejudice, and the remaining Defendants dismissed with prejudice. The Report and Recommendation also recommends that Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (docket no. 42) be denied and that the Court find no

good-faith basis for appeal. Plaintiff timely objected to the Report and Recommendation. After de novo review, the Court affirms the Report and Recommendation and adopts it as its Opinion.

Plaintiff objects to the recommendation that Defendants Leece and Etten be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies against them. Plaintiff's grievance against Leece was rejected because he failed to indicate what steps he had taken to resolve the matter before filing the grievance. (Pl.'s Ex. D, docket no. 1-7 at 19-20.) MDOC procedure requires a prisoner attempt to resolve a problem before filing a grievance. Exhaustion requires compliance with prison procedures. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 922-23 (2007). Plaintiff failed to comply with these procedures when he omitted a description of the measures he had taken to resolve his conflict with Leece. He has thus failed to exhaust with respect to Leece.

Plaintiff's grievance against Etten was rejected because it was untimely. (Docket no. 40-2 at 9-11.) Plaintiff argues that he filed the grievance late because he was transferred from MBP. MDOC procedure specifies that a grievance will not be rejected as untimely if the prisoner has a legitimate reason for the delay. Plaintiff filed this grievance approximately a year-and-a-half after the incident complained of. A transfer might justify a delay, but it does not justify a delay of this length. Prison officials properly rejected it as untimely and Plaintiff's failure to comply with prison procedure constitutes a failure to exhaust with respect to Etten.

Plaintiff objects to the recommendation that the Court dismiss his Eighth Amendment claim alleging a four-day delay in the removal of his wisdom tooth because he has not shown that he had a serious medical need. Plaintiff cites *Comstock v. McClary*, 273 F.3d 693, 702-03 (6th Cir. 2001), and claims that case establishes a prisoner need only allege that his medical need was sufficiently serious. (Docket no. 45 a 3.) He misreads *Comstock*. The *Comstock* court stated, "to satisfy the objective component [of an Eighth Amendment claim], the plaintiff must

2

allege that the medical need at issue is sufficiently serious." *Id.* at 702 (internal quotation omitted). The court did not state that an allegation alone was sufficient, but only that it was necessary. A bare allegation cannot turn a trivial malady into a "substantial risk of serious harm." *Id.* at 703. This is particularly true when the alleged conduct results in a *de minimis* delay in the treatment of an unhealthy tooth. Some medical conditions, such as a heart attack, are sufficiently serious that the prisoner night not need to allege other facts to establish its gravity. However, a toothache is not ordinarily a medical calamity, and Plaintiff has not alleged facts which would suggest that his posed a substantial risk even though most toothaches are relatively benign. Accordingly, his Eighth Amendment claim will be dismissed.

The Magistrate Judge recommended the Court dismiss Plaintiff's claim that Ewers and Leece subjected him to racial epithets. Plaintiff objects that discrimination on the basis of race is unlawful. He also objects that "claims of abusive language and general harassment" are actionable if they were in retaliation for the exercise of his constitutional rights. (Docket no. 45 at 4.) The occasional insults Plaintiff describes, though reprehensible, do not rise to constitutional magnitudes. *Owen v. Johnson*, 221 F.3d 1335, No. 99-2094, 2000 WL 876766 at *2 (6th Cir. Jun. 23, 2000) (unpublished table decision). Furthermore, Plaintiff's suggestion that the alleged verbal abuse was retaliation for the lawsuit he filed against Ewers on October 23, 2003, is unpersuasive because he offers no evidence that the Defendants were aware of the suit. Ewers, the only defendant in the prior case, was never served. The other Defendants disavow any knowledge of it. (Def.'s Ex. J at 3, docket no. 36-12 at 4; Def.'s Ex. L at 2, docket no. 36-19 at 3; Def.'s Ex. M at 2; docket no. 36-21 at 3.) Plaintiff's claim of retaliation fails to establish the third element of a retaliation claim - a causal connection between Plaintiff's protected conduct and Defendants' adverse action against him. Accordingly, this claim will be dismissed.

3

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claim that Leece fabricated misconduct charges against him in retaliation for a grievance he filed against Leece on January 8, 2004. (Pl.'s Ex. D at 18, docket no. 1-7 at 18.) That same day, Leece gave Plaintiff a minor misconduct. Plaintiff's conviction for that misconduct was overturned on January 16, 2004, because the hearing officer failed to list the reasons for his finding that Plaintiff was guilty of the violation. (Pl.'s Ex. L at 2, docket no. 1-15 at 2.) Plaintiff apparently believes he is entitled to relief because the misconduct conviction was invalidated. It is true that a claim is barred if its success would imply the invalidity of a conviction that has not been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). However, that the underlying conviction *has* been overturned does not mean Plaintiff is entitled to relief. It simply means relief is not barred by the formerly extant conviction. There may still be other grounds which bar relief. In this case, there are. Plaintiff's claim fails the third prong of a retaliation claim. He has not offered any evidence that Leece's adverse action was motivated by Plaintiff's protected conduct. Furthermore, the reversal of Plaintiff's misconduct conviction for procedural reasons is not tantamount to a finding that his due process rights were violated, contrary to Plaintiff's suggestion. To the extent that this claim is construed as a violation of Plaintiff's due process rights, it fails because Plaintiff received substantive and procedural due process through the appeals process at MBP.

Plaintiff objects that all of Defendants' adverse action against him was motivated, at least in part, by Plaintiff's protected conduct. As noted above, however, Plaintiff has not even demonstrated that Defendants knew of his prior suit against Ewers. Plaintiff claims Ewers told him he would not process any more health care kites unless Plaintiff dropped the suit. Since Ewers was never even served in that suit, no reasonable jury could find Plaintiff's claim credible.

Plaintiff does not object specifically to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claim that the confiscation of his radio violated due process, but he mentions it briefly in conglomeration with the rest of the acts he complains of. (Docket no. 45 at 8.) The Court briefly summarizes the reasons that claim will be dismissed. No due process violation arises from an unauthorized deprivation of property by a state employee when the state provides an adequate post-deprivation remedy. The Sixth Circuit has held that Michigan's post-deprivation procedures are adequate. Furthermore, the evidence Defendants submitted demonstrates that the radio was seized because it had been altered in violation of MDOC policy.

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss the claims against Defendants because they have qualified immunity. He argues that qualified immunity does not protect those who act maliciously. However, Plaintiff has not demonstrated that Defendants violated any of his clearly established rights. Accordingly, Defendants are entitled to qualified immunity.

For the aforementioned reasons, the Magistrate Judge's Report and Recommendation (docket no. 44) recommending that Defendant's Motion for Summary Judgment (docket no. 35) be **GRANTED** and Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (docket no. 42) be **DENIED** is **APPROVED AND ADOPTED** as the Opinion of this Court. Furthermore, the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

A separate Order will issue.

Dated: March 12, 2009                                /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE